United States Court of Appeals
Fifth Circuit
FILED
July 10, 2013

Lyle W. Cayce
Clerk

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 12-50841

---

D.C. Docket No. 6:12-CV-195

FILED
SEP 19 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NIDAL M. HASAN,

Defendant - Appellant

Appeal from the United States District Court for the Western District of Texas, Waco

Before OWEN and HAYNES, Circuit Judges, and LEMELLE, District Judge.*

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: ____________
Deputy

New Orleans, Louisiana 9/4/2013

ISSUED AS MANDATE: 9/4/2013

---

*District Judge of the Eastern District of Louisiana, sitting by designation.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
FILED
July 10, 2013
Lyle W. Cayce
Clerk

No. 12-50841

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NIDAL M. HASAN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 6:12-CV-195

Before OWEN and HAYNES, Circuit Judges, and LEMELLE, District Judge.*

PER CURIAM:**

Defendant-Appellant Nidal Hasan appeals from the district court's denial of his motion to suppress or disclose evidence obtained through the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801, *et seq.*, which may be relevant to his upcoming court martial trial on numerous counts of murder and attempted murder at Fort Hood in Texas. We AFFIRM.

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As part of the court martial proceeding, the Government gave notice that it "intends to enter into evidence or otherwise use or disclose . . . information obtained or derived from electronic surveillance conducted pursuant to [FISA]." 50 U.S.C. § 1806(c). Hasan then moved for that evidence to be either disclosed to him or suppressed. *See id.* § 1806(e). The military judge subsequently transferred consideration of Hasan's motion to the United States District Court for the Western District of Texas, as permitted under FISA. *See id.* § 1806(f). The Attorney General certified that disclosure and an adversarial hearing here could harm national security, and the Government invoked FISA's *in camera, ex parte* review procedures. *See id.* The district court granted the request, reviewed the challenged materials *in camera*, and denied Hasan's motion.

We first conclude that we have jurisdiction to consider Hasan's appeal. FISA specifically bestows jurisdiction on the federal district courts to consider the matters at issue here, which necessarily encompasses appropriate appellate proceedings. *See id.* Furthermore, we may exercise jurisdiction under the collateral order doctrine when, as here, the district court's FISA ruling would otherwise be effectively unreviewable.[1] *See, e.g., United States v. Hamide*, 914 F.2d 1147, 1152 (9th Cir. 1990) (collecting cases). Because this court cannot exercise appellate jurisdiction over Hasan's court martial, it has jurisdiction to review the propriety of the district court's rulings here. *See United States v. Ott*, 827 F.2d 473, 475-76 (9th Cir. 1987) (exercising jurisdiction over FISA appeal originating from court martial proceedings).

Turning to the merits, Hasan's briefing does not clearly challenge the district court's evidentiary or procedural rulings. Nor does he ask for an *in*

---

[1] *See generally Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) ("This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.").

*camera* examination of the FISA materials reviewed below or a detailed analysis of any specific district court ruling. To the extent he addresses some of the evidentiary and procedural objections he raised in the district court, it is in the context of complaining that FISA prevents him from making more specific objections.

Hasan's brief instead raises one overarching due-process objection against the FISA framework. *See United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005) ("[Appellant] does not argue that the district court failed to follow the statutorily prescribed procedures applicable when a district court reviews the 'legality of the [FISA] surveillance.' *See* [50 U.S.C. § 1806(f)]. Instead, he asserts that the procedures themselves violated his constitutional rights."). He argues that "a flawed, draconian procedure [is] in place to litigate [his] access to [the FISA-obtained] information" and that "[w]ithout access to this information, [he will be] denied due process." Accordingly, we conclude that the only issue properly raised on appeal is a generalized due-process objection against FISA.

That argument is foreclosed by circuit precedent. This court explicitly held—in a case not cited by Hasan—that the FISA provisions at issue comport with due process. *See United States v. El-Mezain*, 664 F.3d 467, 567-68 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 525 (2012). Indeed, every court of appeals to consider a facial constitutional challenge to FISA—whether for due-process or Fourth Amendment purposes—has upheld the statute. *See id.* at 567 (citing cases from the D.C., Sixth, Eighth, and Ninth Circuits); *United States v. Abu-Jihaad*, 630 F.3d 102, 120 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 3062 (2011) (citing cases from the First, Fourth, Sixth, Seventh, and Ninth Circuits, as well as numerous district court authorities).

The D.C. Circuit, moreover, long ago rejected the general argument Hasan makes here in a case in which now-Justice Scalia sat:

> We appreciate the difficulties of appellants' counsel in this case. They must argue that the determination of legality is so complex that an adversary hearing with full access to relevant materials is necessary. But without access to the relevant materials their claim of complexity can be given no concreteness. It is pure assertion.
>
> Congress was also aware of these difficulties. But it chose to resolve them through means other than mandatory disclosure. In FISA Congress has made a thoroughly reasonable attempt to balance the competing concerns of individual privacy and foreign intelligence. As noted, oversight of electronic surveillance is provided by all three branches of government. Appellants are understandably reluctant to be excluded from the process whereby the legality of a surveillance by which they were incidentally affected is judged. But it cannot be said that this exclusion rises to the level of a constitutional violation.

*United States v. Belfield*, 692 F.2d 141, 148 (D.C. Cir. 1982).

*El-Mezain* forecloses Hasan's attack on FISA.[2]

AFFIRMED.

[2] The *El-Mezain* court also foreclosed Hasan's suggestion that the district court should authorize disclosure to any member of his legal team who possesses an appropriate security clearance. *See* 664 F.3d at 568 (citing *Ott*, 827 F.2d at 477).

# *United States Court of Appeals*
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130


September 04, 2013

Mr. William Putnicki
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

RECEIVED
SEP 19 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______________
DEPUTY CLERK

No. 12-50841, USA v. Nidal Hasan
USDC No. 6:12-CV-195

Enclosed, for the district court only, is a copy of the judgment issued as the mandate and a copy of the court's opinion.

The electronic copy of the record has been recycled.

Sincerely,

LYLE W. CAYCE, Clerk

By: Melissa Mattingly
Melissa V. Mattingly, Deputy Clerk
504-310-7719

cc: (letter only)
Mr. Eric Jonathan Allen
Mr. Gregory S Gloff
Mr. Joseph Palmer
Mr. Jeffrey Michael Smith
Honorable Walter S. Smith Jr.

P.S. to Judge Smith: A copy of the opinion was sent to your office via email the day it was filed.